UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALEX ANSELMO,

                        Plaintiff,

         v.                                            9:19-CV-0350
                                                               (TJM/DEP)

MICHAEL KIRKPATRICK, et al.,

                        Defendants.

---

APPEARANCES:

ALEX ANSELMO
15-A-4491
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                      RICHARD C. WHITE, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Alex Anselmo commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a pro se civil rights complaint together with an application for leave to proceed in forma pauperis and a motion for appointment of counsel. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 4 ("Motion for Counsel"). By Decision and Order of this Court

filed April 10, 2019, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of plaintiff's claims and some of the named defendants were dismissed and the Court directed service and a response for the claims against the named defendants that survived sua sponte review. Dkt. No. 5 (the "April 2019 Order").[1]

Presently before this Court is plaintiff's amended complaint, together with exhibits. Dkt. No. 7 ("Am. Compl."); Dkt. No. 7-1 ("Exh.").[2]

## II. DISCUSSION

### A. The Complaint and April 2019 Order

In his original complaint, plaintiff asserted claims arising while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F."). *See generally* Compl.

The complaint was construed to assert the following claims: (1) Eighth Amendment excessive force and failure-to-protect claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell; (2) Eighth Amendment failure-to-protect claims against defendants Kirkpatrick, Zerniak, and Keysor; (3) a cover up claim against defendants Wood and Boulrice; (4) Fourteenth Amendment equal protection claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell; and (5) a claim against

---

[1] The Court also denied plaintiff's Motion for Counsel without prejudice to renew at some future time. *See* April 2019 Order at 20, 22.

[2] Plaintiff submitted with his amended complaint a notice of motion. Dkt. No. 7-2. However, at the time plaintiff submitted these documents, none of the defendants who remained in the action following the April 2019 Order had acknowledged service or responded to the complaint. Thus, plaintiff was not required to obtain the Court's leave or defendants' consent before amending his complaint. As a result, plaintiff's notice of motion was unnecessary. The Court will consider plaintiff's submission as an amended complaint filed as of right in accordance with Rule 15(a)(1) of the Federal Rules of Civil Procedure.

2

defendant Aubin for conspiracy to violate plaintiff's Eighth and Fourteenth Amendment rights. *See* April 2019 Order at 7.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims were found to survive sua sponte review and require a response: (1) plaintiff's Eighth Amendment claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell; and (2) plaintiff's Fourteenth Amendment equal protection claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell. *See* April 2019 Order at 21. Plaintiff's Section 1983 claims for monetary relief against the defendants in their official capacities were dismissed with prejudice and all remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*. Defendants Aubin, Wood, Kirkpatrick, Zerniak, and Keysor were also dismissed as defendants from the action without prejudice. *Id*.

### B.    Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2019 Order and it will not be restated in this Decision and Order. *See* April 2019 Order at 2-4.

Plaintiff's amended complaint is substantially the same as his original complaint with two exceptions.

First, plaintiff has withdrawn his claims against defendants Aubin and Wood, who were dismissed without prejudice in the April 2019 Order, as well as his cover up claim

3

asserted against both defendant Wood and defendant Boulrice.  *See generally*, Am. Compl.

Second, plaintiff has added allegations (and attached documents) in support of his failure-to-protect claim against defendants Kirkpatrick, Zerniak, and Keysor, which was dismissed without prejudice in the April 2019 Order.  More specifically, the following new facts are set forth as alleged in the amended complaint.

On or about August 26, 2017, plaintiff wrote to defendant Superintendent Kirkpatrick "to inform him of the abuse that was happening and request[ ] that he intervine [sic] on plaintiff's behalf."  Am. Compl. at 3.  In plaintiff's letter, he indicated that he has "faced constant harassment from civilians and C.O.'s" since arriving at Clinton C.F. "for being a 'rapo' in their words[.]"  Exh. at 2.  Plaintiff further indicated that his personal property has been lost, he has been denied access to new clothing and the package room to retrieve a television and perishable food item, and he has received a false misbehavior report related to his medication.  *Id*.

Defendant Kirkpatrick responded to plaintiff in a memorandum dated August 28, 2017, in which he noted that plaintiff's letter was referred to defendants Zerniak and Keysor for "whatever action they deem appropriate[.]"  Am. Compl. at 3; Exh. at 1.  No further action was taken by defendants Zerniak, Keysor, or Kirkpatrick thereafter.  Am. Compl. at 3.

Defendants Zerniak, Keysor, and Kirkpatrick were aware, at the time plaintiff sent his letter to defendant Kirkpatrick, that inmates like him with sex offense charges "are at the lowest level in social hierarchy in prison."  Am. Compl. at 5.  These defendants were also aware that "inmates with sex offenses are particularly vulnerable to assault and abuse by inmates and correctional officer[s] alike."  *Id*.  Following the escape by two inmates from Clinton C.F., inmates were "systematically tortured and brutalized by corrections officers in

4

their search for information and in retaliation for the escape." *Id*. At the time of plaintiff's assault, people were filming at the facility for a television show about the prison escape, which "reopen[ed] old wounds" for corrections officers. *Id*.

The remainder of the amended complaint is materially similar to the original complaint, and re-asserts all of the same claims asserted in the original complaint against all of the same defendants (with the exception of the claims asserted against defendants Aubin and Wood). *See generally* Am. Compl. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### 1. Failure-to-Protect Claims Against Zerniak, Keysor, and Kirkpatrick

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[3]

---

[3] In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dept. of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Prison officials may be held liable under Section 1983 for failing to protect an inmate from conditions posing a substantial risk of serious harm. *See Farmer*, 511 U.S. at 836. In order to establish a "failure to protect," the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and prison officials acted with deliberate indifference to that risk and the inmate's safety. *Id*. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Here, plaintiff alleges that he contacted defendant Kirkpatrick because he was experiencing racial and derogatory verbal abuse by unidentified corrections officials, who were also at times subjecting him to unwanted physical force, and taking actions that caused him to miss meals. Am. Compl. at 3. Plaintiff further alleges that, at the time he contacted defendant Kirkpatrick, both he and defendants Zerniak and Keysor were aware that (1) corrections officials at the facility had previously assaulted inmates after two escaped from Clinton C.F., and (2) inmates with sex offense convictions like plaintiff are "at the lowest level in social hierarchy in prison" and "particularly vulnerable to assault and abuse by inmates and correctional officers alike." *Id*. at 5.

As an initial matter, the amended complaint lacks allegations from which the Court could infer that the overall prison conditions posed a threat to the safety of all inmates, or that there were other recent attacks by corrections officials against prisoners who had recently

6

arrived at the facility or been convicted of the same crime(s) as plaintiff such that it should have been obvious to defendants Kirkpatrick, Zerniak and Keysor that plaintiff faced a substantial risk of serious harm when he contacted defendant Kirkpatrick. *See Farmer*, 511 U.S. at 843 ("Nor may a prison official escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health,' . . . and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."); *Coronado v. Goord*, No. 99-CV-1674, 2000 WL 1372834, at *5 (S.D.N.Y. Sept. 25, 2000) (noting that an inmate "need not show a particularized risk to him personally" to show that he was at a substantial risk of serious harm; it is enough to show "that prison conditions posed a generalized threat to the safety of all inmates").

Moreover, plaintiff does not allege that, at the time he contacted defendant Kirkpatrick, any official had threatened him with future physical harm, or any of the officials named as a defendant had previously assaulted him. In addition, the letter plaintiff submitted to defendant Kirkpatrick does not make any reference to plaintiff having been physically assaulted or threatened with physical force by any corrections officials. *See* Exh. at 2. Rather, the letter states only that plaintiff has faced "constant harassment" by "civilians and C.O.'s" since arriving at Clinton C.F., in the form of being called a "rapo," being depriving of personal property and a food package, and receiving a false misbehavior report. *Id*. Thus,

7

the amended complaint lacks allegations which plausibly suggest that, at the time plaintiff contacted defendant Kirkpatrick, the conditions of his confinement posed a substantial risk of serious harm. *See Dublin v. N.Y.C. Law Dep't*, No. 10-CV-2971, 2012 WL 4471306, at *5 (S.D.N.Y. Sept. 26, 2012) (noting that to satisfy the first prong, "a plaintiff must demonstrate that this grave harm was 'actual or imminent'" (quoting *Benjamin v. Fraser*, 343 F.3d 35, 51 (2d Cir. 2003)); *JCG v. Ercole*, No. 11-CV-6844, 2014 WL 1630815, at *25 (S.D.N.Y. Apr. 24, 2014) (finding plaintiff's allegation that "he experienced 'severe hostility, discrimination and illegal conduct' in the form of name-calling, having his things stolen, and having an administrative disciplinary ticket brought against him" prior to allegedly being assaulted by Green Haven officers "insufficient to establish a substantial risk of serious harm" because the plaintiff made "no claims that there were previous altercations with officers, threats of violence, or any other indication that he faced a risk of imminent harm" and did not "allege that he lodged any complaints about feeling in danger"), *report and recommendation adopted by* 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

Furthermore, the amended complaint is devoid of any allegations from which the Court could infer that defendants Kirkpatrick, Zerniak and/or Keysor had actual knowledge that plaintiff was at a risk of serious harm prior to the alleged assault. Rather, at most the allegations in the amended complaint plausibly suggest that plaintiff made these defendants aware of his general concerns based on negative encounters with unidentified corrections officials. However, an inmate's communications about "generalized safety concerns" or "vague concerns of future assault by unknown individuals" are insufficient to provide knowledge that the inmate is subject to a substantial risk of serious harm. *See Ross v. City*

8

of New York, No. 12-CV-8545, 2014 WL 3844783, at *8 (S.D.N.Y. 2014) (citing *Rivera v. New York*, No. 96-CV-7697, 1999 WL 13240, at *9 (S.D.N.Y. Jan. 12, 1999)), *rev'd on other grounds*, 610 Fed. Appx. 75 (2d Cir. 2015) (summary order); *JCG*, 2014 WL 1630815, at *26 (finding that plaintiff failed to plead sufficient facts necessary to satisfy the subjective prong of his failure-to-protect claim against two supervisory officials where there were no allegations that he "notified them about perceived threats to his safety, [ ]or that they were aware of any prior attacks (threatened or actual)").

Accordingly, plaintiff's Eighth Amendment claims against defendants Kirkpatrick, Zerniak and Keysor are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[4]

### 2. Remaining Claims

As noted, in addition to the failure-to-protect claims discussed above, plaintiff also reasserts the following claims in the amended complaint that he set forth in the original complaint: (1) his Eighth Amendment excessive force and failure-to-protect claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell; and (2) his

---

[4] To the extent plaintiff may have sought to alternatively hold defendants Kirkpatrick, Zerniak and Keysor responsible for the alleged assaults that occurred on September 22, 2017, under a theory of supervisory liability, "vicarious liability is inapplicable to . . . § 1983 suits." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather, the Second Circuit held prior to Supreme Court's decision in *Ashcroft v. Iqbal* that supervisory personnel may be considered "personally involved" in an alleged constitutional violation only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)). The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*). However, even assuming that all five categories under *Colon* remain valid, plaintiff has failed to plead sufficient facts to plausibly suggest that defendants Kirkpatrick, Zerniak and/or Keysor were personally involved in the alleged assaults under any of these factors.

9

Fourteenth Amendment equal protection claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell. *See generally* Am. Compl.

The Court found in the April 2019 Order that these claims survived sua sponte review and required a response. *See* April 2019 Order at 21. For the reasons set forth in the April 2019 Order, these claims once again survive sua sponte review and require a response.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the following claims **SURVIVE** sua sponte review and require a response: (1) plaintiff's Eighth Amendment excessive force and failure-to-protect claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell; and (2) plaintiff's Fourteenth Amendment equal protection claims against defendants Bressette, Lavarnway, McIntyre, Boulrice, Cassidy, and Bell; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[5] and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants

---

[5] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

Bressette and Bell;[6] and it is further

**ORDERED** that the deadline for defendants McIntyre, Lavarnway, Cassidy, and Boulrice to respond to the amended complaint is **STAYED** pending the completion of service on defendants Bressette and Bell. Upon the completion of service on defendants Bressette and Bell, all of the remaining defendants must respond to the amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff and counsel for the defendants who have appeared in this action.

**IT IS SO ORDERED.**

Dated: May 16, 2019

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[6] Because Richard C. White, on behalf of the Office of the New York State Attorney General, has appeared in this action as counsel for defendants McIntyre, Lavarnway, Cassidy, and Boulrice, the Clerk need not issue summonses for these defendants.